**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Michael Rose, | No. CV-23-02152-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Aaron Michael Rose was convicted in state-court of two counts of sexual conduct with a minor. After not obtaining relief in state court, Rose filed a federal petition for writ of habeas corpus. The magistrate judge issued a Report and Recommendation ("R&R") that concludes Rose is not entitled to relief. Rose filed objections to portions of the R&R but he also filed a motion to amend his petition and a motion to stay this case while he attempts to obtain relief again in state court. The R&R is correct, and Rose is not entitled to amend his petition nor to a stay. Rose's petition is denied and dismissed with prejudice.

**I.     Background**

After his convictions Rose was sentenced to two consecutive terms of life in prison. Rose filed a direct appeal and after that was unsuccessful, he filed in state court a petition for post-conviction relief. The state court held an evidentiary hearing on that petition but denied relief. The Arizona Court of Appeals affirmed that denial. On October 7, 2022, the Arizona Supreme Court denied review. On October 10, 2023, Rose filed his federal habeas

corpus petition. (Doc. 1.)

Rose's initial petition contained only two claims, one alleging ineffective assistance of counsel involving Rose's decision not to testify at his trial, and one based on the admission of evidence involving a juvenile adjudication. Respondents initially argued the petition was untimely. (Doc. 12.) No ruling was made on timeliness before May 7, 2024, when respondents withdrew their timeliness argument and conceded "Rose's habeas petition is timely." (Doc. 27 at 1.)

On May 16, 2024, Rose sought leave to amend his petition to include six additional claims. (Doc. 29.) On June 6, 2024, Magistrate Judge Eileen S. Willett granted Rose leave to amend. (Doc. 42.) Rose's amended petition was filed and respondents filed a response to that petition. (Docs. 43, 45.) The response argued the two claims in the initial petition were timely but the "six additional claims raised in [the] amended habeas petition do not relate back . . . and are untimely." (Doc. 45 at 6.)

On October 10, 2024, Magistrate Judge Willett issued a Report and Recommendation ("R&R") recommending the court deny relief on all eight claims. According to the R&R, the first claim involving ineffective assistance of trial counsel fails on the merits, the second claim is procedurally defaulted, and the six additional claims are untimely. About two weeks after the R&R was filed, Rose filed three motions. The first sought clarification on when Rose's objections to the R&R were due. (Doc. 49.) The second sought to amend the petition to delete the six claims Rose added in his amended petition. (Doc. 51.) The third asked the court to stay the case so Rose could return to state court to present the "unexhausted" six claims he added in his amended petition. (Doc. 50.)

Approximately one week after filing his three motions, Rose filed objections to the R&R. In those objections, Rose only addresses the R&R's analysis of his first claim involving ineffective assistance of counsel. Rose argues the state court denied relief on that claim based on the "self-serving statements" Rose's trial counsel made at the post-conviction evidentiary hearing. (Doc. 52 at 2.) Rose seems to believe the court should find the state court's determination that those statements were credible was error. While Rose's

objections do not mention the R&R's conclusion that his evidentiary claim was procedurally defaulted and his six other claims are untimely, his request to amend his petition and stay this case suggest he does not wish to pursue the unexhausted claims at this time.

## II. Analysis

The motion to amend and motion to stay that Rose filed after the R&R must be addressed first because if those motions were granted, it would be premature to rule on the R&R.

### A. Motions to Amend and Stay

The motion to amend and motion to stay involve Rose's attempt to pursue relief based on the six claims he added in his amended petition. Rose concedes those six claims were not exhausted in state court and he now wishes to pursue those claims there. To do so, Rose hopes to pursue the three-step procedure set forth in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Those three steps are "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). This procedure is only available if the "newly-exhausted claims" would relate back to the original petition. *Id.* at 1143. The six claims Rose wishes to delete from the current petition, exhaust in state court, and add back into his federal petition would not relate back to his original claims.

Rose's six claims will relate back only if those six claims "and the original claims [are] tied to a common core of operative facts." *Walden v. Shinn*, 990 F.3d 1183, 1202 (9th Cir. 2021) (quotation marks and citation omitted). The "common core of operative facts" cannot simply be Rose's underlying criminal proceedings. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Instead, the six claims and the original claims must be based on "a single course or pattern of conduct—not factually and temporally unrelated conduct arising out of the

same underlying proceeding." *Walden*, 990 F.3d at 1202 (quotation marks and citation omitted). Rose's six claims are factually and temporally distinct from his original claims.

Rose's original two claims were ineffective assistance of counsel based on advice given to Rose whether to testify and an issue involving the admission at trial of evidence that Rose had been adjudicated delinquent when he was fourteen. Of the six claims he wishes to delete, exhaust in state court, and add back later, four of the claims involve "prosecutorial misconduct by witness vouching," one involves ineffective assistance of counsel based on counsel failing "to request a preliminary question hearing," and one is a claim of "cumulative error of prosecutorial misconduct combined with [ineffective assistance of counsel]." (Doc. 47 at 6.) The first five of these claims do not involve any aspect of counsel's advice regarding Rose's choice to testify nor do they involve the admissibility of evidence regarding his delinquency adjudication. Some of the first five claims involve different actors than the original claims and all five involve different issues that arose at different times than Rose's original claims. These claims therefore do not relate back. *See Hebner v. McGrath*, 543 F.3d 1133, 1138-39 (9th Cir. 2008).

The sixth of Rose's new claims is based on "cumulative error." (Doc. 43 at 34.) The alleged "cumulative error" involves the alleged errors in Rose's original claims but also all the errors in the five claims Rose added in his amended petition. Rose cannot cumulate errors that do not relate back. *See Nordlof v. Clark*, No. C 07-4899 MMC (PR), 2010 WL 761294, at *9-*10 (N.D. Cal. Mar. 3, 2010). And as discussed below, Rose's original claim of ineffective assistance of counsel fails on the merits. The failure of that claim combined with the relation-back doctrine means there is not even arguably more than one error to cumulate from the original claims. Rose may not add a cumulative error claim.

Five of the six claims are not sufficiently related to the original claims to allow for application of the relation-back doctrine and the sixth claim fails because there are not multiple errors to cumulate. In these circumstances, Rose is not entitled to pursue the three-step *Kelly* procedure. The motion to amend and motion to stay are denied.

### B. Adopting the R&R

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[D]e novo review of factual and legal issues is required if objections are made, but not otherwise.") (quotation marks and citation omitted).

Rose's objections do not identify any flaw in the R&R's analysis of his first claim alleging ineffective assistance of counsel. Rose's objections argue the state court should not have credited testimony from his counsel regarding the advice she provided to him. (Doc. 52 at 2.) But the R&R explained the high bar Rose needed to meet for the court to reject the state court's acceptance of that testimony. (Doc. 48 at 8.) Rose's objections do not explain how the R&R erred on this point. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (state court's finding must be accepted unless it was "objectively unreasonable in light of the evidence presented in the state-court proceeding"). Rose's first claim for ineffective assistance of counsel fails.

Rose did not object to the R&R's conclusion that his second claim is not cognizable and, in any event, procedurally defaulted. Therefore, the court need not analyze that issue and the R&R is adopted on that point.

Finally, the court has already concluded the six claims added in the amended petition do not relate back and are untimely. The R&R's analysis of this issue is also accepted, including its analysis of equitable tolling and actual innocence. (Doc. 48 at 18-20.)

Accordingly,

**IT IS ORDERED** the Request for Clarification (Doc. 49) is **GRANTED** and petitioner's objections (Doc. 52) are accepted as timely.

**IT IS FURTHER ORDERED** the Motion to Stay (Doc. 50) and Motion to Amend

(Doc. 51) are **DENIED**.

**IT IS FURTHER ORDERED** the Report and Recommendation (Doc. 48) is **ADOPTED IN FULL**. The amended petition is **DENIED** and **DISMISSED**. The Clerk of Court shall enter judgment in favor of respondents.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 7th day of February, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge